Manuel Gray
920 E. Devonshire Avenue #4026
Phoenix, Az. 85014   480-495-1446
Plaintiff Pro Se



UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Manuel Gray | ) | CASE NO. CV-20-01987-PHX-JJT |
| Plaintiff, | ) | |
| | ) | AMENDMENT TO |
| V. | ) | RACIAL AND DISCRIMINATION COMPLAINT |
| Saks Fifth Avenue LLC | ) | |
| Defendant, | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| _____ | ) | |

I

PRELIMINARY STATEMENT

1. Plaintiff Manuel Gray contends Saks Fifth Avenue officials discriminated against him by racially profiling him. Plaintiff proceeding Pro Se brings THIS RACIAL AND DISCRIMINATION action for damages and for declaratory and injunctive relief challenging the policies and practices of Defendant Saks Fifth Avenue LLC, who has caused and are causing discrimination and harassment of Plaintiff and other persons, including and consisting of African-American citizens of the United States, based on their race and /or national origin.

2. Plaintiff is a United States citizen of African-American descent and ethnicity, ancestry and origin who has been subjected to harassment, humiliation, discriminatory treatment, false

accusations, and intentional infliction of emotional distress by Defendant Saks Fifth Avenue on the basis of Plaintiff's national origin and/or race, in violation of the Prohibition against discrimination in places of public accommodation law, 42 U.S. Code 2000a, the Civil Rights Act of 1866, 42 U.S.C. 1981 et seq. title 2 of the Civil Rights Act of 1964, and Arizona tort law.

II

JURISDICTION AND VENUE

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1331,1332,1337,1343, and 42 U.S.C. 2000A-6. The claim is authorized by 28 U.S.C. 959(a). This Court has pendent jurisdiction over claims under Arizona and common law. This court is authorized to grant injunctive and declaratory relief under 28 U.S.C. 2201 and 2202 and preventative relief, including preliminary and permanent injunctions, pursuant to 42 U.S.C. 2000A-3. Venue is proper pursuant to 28 U.S.C. 1391(B), 1391(C) and 1409(E)

4. The amount of damages in controversy exceeds the jurisdictional minimum of this court, and the events herein complained occurred in Phoenix, Arizona.

III

PARTIES:

5. Plaintiff: Manuel Gray is a United States citizen of African-American ancestry and ethnicity, employed by Lafrontea-Empact. He was born in Mound Bayou, Mississippi on November 4, 1959. 920 Devonshire Avenue #4026 Phoenix, Az. 85014

6. Defendant: Saks Fifth Avenue 2446 E. Camelback Road Phoenix, Az. 85016 maintains offices and operations within the District of Arizona and a place of public accommodation within the meaning of 42 U.S.C. 2000(A)

IV

FACTS

7. Plaintiff is a United States citizen of African-American ancestry and ethnicity and contends Saks Fifth Avenue employees discriminated against him by racially profiling him. "Consumer Racial Profiling (CRP) singled out for unwarranted, reckless, intentional bad treatment or criminal suspicion based on skin color."

8. On or about 7/11/20, Plaintiff Manuel Gray while shopping with a friend at Saks Fifth Avenue in

Phoenix Arizona, was racially profiled by a Saks Fifth Avenue sales associate and security guard. As Plaintiff's friend shopped in the fragrance department, Plaintiff quickly browsed through the men's department. After browsing through men's department, Plaintiff walked back to fragrance area where Plaintiff encountered 2 Saks employees talking at a desk.

9. As Plaintiff walked by they both glared at Plaintiff, making Plaintiff feel unwelcome and very uncomfortable. As Plaintiff continued towards the fragrance area, Saks security was discreetly following Plaintiff while being directed and monitored by the white sales associate. At that moment Plaintiff realized they were racially profiling him, Plaintiff started to feel extreme anxiety and became in immediate fear for his life.

10. After Plaintiff sat down and waited for friend to complete transaction, Saks security officer was continuing to follow Plaintiff. Saks security eventually approached and confronted Plaintiff in an aggressive, intimidating, and threatening manner, never identifying himself and invading Plaintiff's personal space during the height of the (Covid 19) outbreak, demanding that Plaintiff immediately leave the premises.

11. Still frightened and bewildered by the behavior of these employees, Plaintiff inquired what was the problem. Saks security falsely accused Plaintiff of assaulting a Saks employee. Incredulous Plaintiff asked Saks security to repeat himself and he stated that Plaintiff assaulted a Saks employee.

12. Plaintiff attempted to inform Saks security that they were wrongly accusing and harassing the wrong person, but Saks security refused to listen or step away and continued to demand that Plaintiff leave. This went back and forth for several minutes until Plaintiff's friend and sales clerk became aware that something was wrong and inquired what was going on.

13. Plaintiff informed them Saks security was falsely accusing Plaintiff of assaulting a Saks employee, demanding that Plaintiff Immediately leave the store. Plaintiff feared he was going to be grabbed and drug out the store at any moment. At that point Plaintiff requested to speak with a manager. The white sales associate who directed Saks security to follow Plaintiff initially, appeared and Plaintiff informed sales associate what happened and that they needed to look at surveillance camera to determine who allegedly assaulted Saks employee.

14. Plaintiff attempted to explain how afraid and in fear of his life Plaintiff was, but sales associate didn't seem to understand or care. The entire incident was witnessed by and took place in full view of

other shoppers and employees.

15. Plaintiff repeatedly inquired as to why the intrusion was being made upon him, but defendant declined to provide such information.

16. Sales associate gave no reasonable basis or explanation for intrusion.

17. Sales associate made no attempt to apologize or compensate Plaintiff, or explain their actions.

18. Plaintiff was well dressed and groomed and other than being of African-American ethnicity and decent, Plaintiff presented no factors that would distinguish him from other shoppers who were permitted to shop without incident.

19. Sales associate never asked Saks security to step back or stand down and Saks security remained near Plaintiff in an aggressive posture. Plaintiff was denied the opportunity to continue shopping or complete prior transaction. Instead Saks security positioned himself so that Plaintiff had no other option and was escorted to the exit.

20. Plaintiff was in fear for his life during the entire incident from the time Plaintiff was singled out for racial profiling. Plaintiff experienced extreme humiliation and hostile innuendo from other shoppers and employees.

21. Defendants policies, practices, and procedures have resulted and will continue to result in discrimination, humiliation, and harassment of United States citizens of African-American descent or ethnicity because of invidious classification

22. There are less restrictive procedures available to Saks security that do not rely solely upon the national origin, race, ancestry, or ethnicity of shoppers.

23. Defendant Saks Fifth Avenue policies challenged herein are not necessary to the objective of ensuring preventing theft of merchandise.

24. There is no reasonable grounds for believing that persons of African-American descent are an

inherit risk of theft of merchandise.

25. Plaintiff was subjected to and is still at risk of being subjected to discriminatory and humiliating treatment by Saks Fifth Avenue solely on the basis of Plaintiff's race and/or national origin.

26. As a result of Saks Fifth Avenue policies and practices, Plaintiff has suffered and is suffering direct and continuing injury.

27. Upon information and belief, the discriminatory policies adopted and maintained by Saks Fifth Avenue and applied to Plaintiff as herein complained are not mandated by government, nor are they applied to American citizens who are not within an invidious classification

28. The actions of Saks Fifth Avenue as complained herein were intentional, willful, and with conscious disregard for the rights of Plaintiff.

29. Saks Fifth Avenue, Defendant created a racially hostile environment which fostered this type of discrimination. Such conduct is ongoing, open, and Saks Fifth Avenue has a well-documented history of racially profiling of African-Americans. Saks Fifth Avenue has a systemic problem with racism that is deeply embedded at Saks Fifth Avenue stores and other major retailers across the country.

V

FIRST CAUSE OF ACTION:

30. Plaintiff adopts and incorporate all of the allegations contained in this complaint as if set forth fully hereafter.

31. By subjecting Plaintiff and others of African-American ancestry and ethnicity to discriminatory treatment and harassment on the basis of race and/or national origin with regard to shopping, Defendant failed to provide reasonable and/or adequate service and subjected Plaintiff to unjust discrimination and undue and unreasonable prejudice or disadvantage in violation of 42 U.S.C. 2000A and 2000A-1

VI

SECOND CAUSE OF ACTION:

32. Plaintiff incorporate all of the allegations contained in this complaint as if set forth fully hereafter.

33. As a place of public accommodation Defendant Saks Fifth Avenue has a duty under the common law to use reasonable care in consummation of a contract. By engaging in discriminatory treatment of Plaintiff while shopping Defendant Saks Fifth Avenue breached its duty as a place of public accommodations.

34. As a direct and proximate result of Defendants' breach of duty, Plaintiff sustained damages.

VII

THIRD CAUSE OF ACTION:

35. Plaintiff incorporate all of the allegations contained in this complaint as if set forth fully hereafter.

36. By denying Plaintiff and others the right to make a contract for commerce without intentional discrimination and harassment on the basis of their ethnic characteristics, appearance, and ancestry, Defendant Saks Fifth Avenue violated the Civil Rights Act of 1866, 42 U.S.C. 1981.

VIII

FOURTH CAUSE OF ACTION

37. Plaintiff incorporate all of the allegations contained in this complaint as if set forth fully hereafter.

38. Defendant Saks Fifth Avenue is a place of public accommodation within the meaning of 42 U.S.C. 2000(A)

39. By denying plaintiff and others full and equal enjoyment of goods, services, facilities, advantages, and accommodations on the basis of race and/or national origin or ethnic characteristics, Defendant Saks Fifth Avenue violated Title 2 of the Civil Rights Act of 1964, 42 U.S.C. 2000A.

VIIII

FIFTH CAUSE OF ACTION

40. Plaintiff incorporate all of the allegations contained in this complaint as if set forth fully hereafter.

41. Defendant Saks Fifth Avenue, acting by and through its servants and agents, verbally assaulted Plaintiff, intentionally harassed and falsely accused Plaintiff of assaulting a Saks Fifth Avenue employee without probable cause and without any reasonable basis.

42. Plaintiff was conscious of harassment.

43. Plaintiff suffered shame, humiliation, and injury to reputation, and emotional distress as a result of this incident.

44. Defendant Saks Fifth Avenue, acting through is servants and agents as complained herein, engaged in outrageous and unconscionable intentional acts having reason to know such acts could cause injury to Plaintiff.

IX

SIXTH CAUSE OF ACTION

45. Plaintiff incorporate all of the allegations contained in this complaint as if set forth fully hereafter.

46. As a direct result of Defendants conduct complained herein, Plaintiff Manuel Gray suffered such extreme mental anguish that for a period of 90 days Plaintiff has been unable to engage in any activity as had become normal and usual practice of his relationship with his partner, family members, and co-workers.

47. As a direct and proximate result of Defendants conduct complained herein, Plaintiff Manuel Gray suffered a loss of consortium and continues to this day.

REQUEST FOR RELIEF:

Wherefore, Plaintiff Manuel Gray Respectfully requests that this court enter judgement against the Defendant and provide the following relief:

A) Declare Defendant's actions in violation of the Public Accommodation Act, the Common Law govenening Defendants duties as a public accommodation, and Title 2 of the Civil Right Act of 1964, the Civil Rights Act of 1866, and actionable as tortious under state and common law;

B) Issue a preliminary and permanent injunction prohibiting Defendant from maintaining those polices and practices that discriminate on the basis of race and/or national origin against United States citizens of African-American descent or ethnicity.

C)   Enter a judgment against Defendant Saks Fifth Avenue assessing damages, including punitive damages, in favor of Plaintiff in an amount according to the proof;

D)   Enter judgement against Saks Fifth Avenue for attorney fees, costs, and expenses in favor of Plaintiff pursuant to 42 U.S.C. 1988 and such other statutory or common law bases as may be appropriate.

E)   Order such other and further relief as to the Court seems just and necessary in the premises.

### JURY DEMAND:

Plaintiff demands a trial by jury of all issues so triable pursuant to rule 38 of the federal rules of civil procedure.

RESPECTFULLY SUBMITTED this 17th, day of December, 2020

Manuel Gray

Plaintiff, Pro Se

Sabrina Nikel
General Manager Saks Fifth Avenue
2446 E. Camelback Road   Phoenix, Az. 85016

Matthew J. Atlas
VP, Associate General Counsel & Risk Management
225 Liberty Street 31st Floor
New York, NY 10281