Brian R. Booker  (SBN: 015637)
Mary M. Curtin  (SBN: 031973)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone:  (602) 794-2471
Facsimile:   (602) 265-4716
bbooker@grsm.com
mcurtin@grsm.com

*Attorneys for Defendant Saks Fifth Avenue, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Gray<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Saks Fifth Avenue, LLC<br><br>　　　　　Defendant. | CASE NO.  20-CV-01987-PHX-JJT<br><br>**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(B)(4) AND (B)(5) OR, ALTERNATIVELY, TO QUASH INSUFFICIENT SERVICE OF PROCESS** |

Defendant Saks Fifth Avenue, LLC moves for dismissal of Plaintiff's Complaint (Dkt. #9) for insufficient service of process pursuant to Rule 12(b)(4) and (b)(5), Fed. R. Civ. P. In the alternative, Defendant requests that the Court enter its order quashing Plaintiff's service of process (Dkt. #13) because it fails to comply with Rule 4, Fed. R. Civ. P.

**I.   FACTUAL BACKGROUND**

Plaintiff filed his Complaint on October 13, 2020 alleging claims of racial discrimination against Saks Fifth Avenue. (Dkt #1). He has since amended his Complaint twice: first, on October 30, 2020 (Dkt. #7) and then again on December 17, 2020 ("Second Amended Complaint"). (Dkt. #9).

On January 14, 2021, this Court ordered Plaintiff to serve his Second Amended Complaint within 45 days. (Dkt. #12).  That deadline lapsed on March 1, 2021.

On March 9, 2021, Plaintiff filed a document purporting to show service of process on Defendant. (Dkt. # 13). That document contains:

- A certified mailing receipt addressed to Sabrina Nickel, GM Saks, 2446 E. Camelback Rd., Phoenix, AZ 85016 and signed with an illegible signature on 1/29/21;
- A certified mailing receipt addressed to Sabrina Nickel, GM Saks, 2446 E. Camelback Rd., Phoenix, AZ 85016 and signed by "M. Branson" on 1/22/21; and
- A certified mailing receipt addressed to Matthew J. Atlas, 225 Liberty St., 31st Fl, NY, NY 10218 and signed by Anthony Kemp, which is undated.

(Dkt. #13, p. 1).

None of these purported attempts amount to effective service of process on Defendant.

## II.   LEGAL ARGUMENT

Proper service of process is an indispensable requirement for bringing a defendant before a court. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co*., 484 U.S. 97, 104 (1987). Once challenged, the plaintiff bears the burden of demonstrating that proper service was made. *Butcher's Union Local No. 498, United Food and Comm. Workers v. SDC Inv.*, Inc., 788 F.2d 535, 538 (9th Cir. 1986); *Kadota v. Hosogai*, 125 Ariz. 131, 134 (App. 1988).

The procedural requirements of service of process must be satisfied in accordance with the rules and a Plaintiff's *pro se* status or good faith is insufficient to justify mistake, inaction, or delay. *See Omni*, 484 U.S. at 104. Ignorance of the rules is similarly insufficient to show good cause. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Because Plaintiff cannot meet his burden to demonstrate sufficient service of process on Defendant, Rules 12(b)(4) and (b)(5) require dismissal of this action or, at a minimum, quashing of service.

### A. Plaintiff's Second Amended Complaint should be dismissed for failure to comply with Fed. R. Civ. P. Rule 4.

Service of process can be effected on a foreign corporation through delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service must be accomplished by an adult who is not a party to the case. Fed. R. Civ. P. 4(c)(2).

Alternatively, the plaintiff may serve a corporate defendant in the manner prescribed for serving individuals, which permits service by following state law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). Under Arizona law, service on a corporation outside of Arizona may be accomplished as follows:

> If a domestic or foreign corporation, partnership, or other unincorporated association has the legal capacity to be sued and has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Ariz. R. Civ. P. Rule 4.1(i). New York similarly requires "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." NY CPLR § 311.

Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient. *Belle v. Chase Home Fin. LLC*, 2007 WL 1518341, at *3 (S.D. Cal. 2007) (*citing Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868

1 (8th Cir. 2000) (service on corporation was ineffective "because the summons and complaint were mailed and not personally served on anyone during the limitations period.")). Likewise, serving an employee who is not an officer, a managing or general agent, or an agent authorized to accept service does not satisfy the requirements for proper service. *See Williams v. GEICO Corp.,* 792 F. Supp. 2d 58, 65 (D.D.C. 2011).

Here, service of process fails because certified mail is not an acceptable form of service, and, even if it were, the summons and complaint were not mailed to nor received by a person authorized to accept service on behalf of Saks Fifth Avenue, LLC. Pursuant to this Court's Order (Dkt. #12) and Rule 4(m), the time for Plaintiff to properly serve his Second Amended Complaint has expired. There is no good cause for Plaintiff's delay in properly effecting service, particularly when the Court has already extended the time for service. This action should therefore be dismissed in its entirety.

### B. At a Minimum, Service on Defendant must be Quashed.

When a plaintiff's service of process is insufficient, the Court has discretion whether to dismiss the action outright or to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (*citing Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

In the event that the court does not find good cause to dismiss this action in its entirety, Defendant respectfully requests that this Court enter its Order quashing service and requiring Plaintiff to re-serve Defendant in accordance with Rule 4, Fed. R. Civ. P.

## III. CONCLUSION

Plaintiff has failed to properly serve Defendant with federal process in the time required by Rule 4(m), Fed. R. Civ. P., and this Court's own order. For the foregoing reasons, Defendant respectfully requests that the Court dismiss this action in its entirety. In the alternative, and at a minimum, Defendant requests that this Court enter its Order quashing service and requiring Plaintiff to re-serve Defendant with a Summons and his Second Amended Complaint.

1 | RESPECTFULLY SUBMITTED this 13th day of March 2021.

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Mary M. Curtin*
Brian R. Booker
Mary M. Curtin

*Attorneys for Defendant Saks Fifth Avenue, LLC*

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the all of the registered CM/ECF registrants on this matter. A copy was also served via First Class Mail to:

Manuel Gray
920 E Devonshire Ave., #4026
Phoenix, AZ 85014
480-495-1446
*Plaintiff Pro Se*


*s/ Angelina Chavez*