**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Gray, | No. CV-20-01987-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Saks Fifth Avenue LLC, | |
| Defendant. | |

At issue is Defendant Saks Fifth Avenue LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure Rule 12(b)(4) and (b)(5) Or, Alternatively, to Quash Insufficient Service of Process (Doc. 15, Mot. Dismiss) to which *pro se* Plaintiff Manuel Gray filed a Response (Doc. 19, Mot. Dismiss Resp.) and Defendant filed a Reply (Doc. 22, Mot. Dismiss Reply). Also at issue is Plaintiff's Motion for Default Final Judgment (Doc. 18, Mot. Default) to which Defendant filed a Response (Doc. 21, Mot. Default Resp.).

**I.    BACKGROUND**

In his Second Amended Complaint (Doc. 9, Compl.) Plaintiff alleges as follows. In July 2020, Plaintiff and a friend went shopping at Saks Fifth Avenue in Phoenix, Arizona. (Compl. ¶ 8.) During the shopping trip, Plaintiff, who is African-American, claims that he was closely monitored by a white sales associate. (Compl. ¶ 9.) At one point, Plaintiff sat down to wait for his friend and was approached by one of Defendant's security officers. (Compl ¶ 10.) The officer purportedly demanded that Plaintiff leave the premises and "falsely accus[ed] Plaintiff of assaulting" one of Defendant's employees. (Compl. ¶ 11.)

Plaintiff says he requested to speak to a manager and attempted to explain the situation, suggesting that they look at surveillance footage to determine who assaulted the employee. (Compl. ¶ 13.) However, Plaintiff claims his efforts were unsuccessful and the security officer positioned himself in such a way that Plaintiff had no option but to be escorted to the exit. (Compl. ¶ 19.) Plaintiff alleges that he is a victim of racial profiling, stating that he feared for his life during the incident. (Compl. ¶ 20.) Plaintiff also asserts that Defendant's policies and practices have resulted in a "racially hostile environment." (Compl. ¶ 29.)

On January 14, 2021, the Court directed Plaintiff to serve the summons and Amended Complaint on Defendant within 45 days of the date of its Order. (Doc. 12.) Pursuant to this Order, Plaintiff was to execute service on Defendant by February 28, 2021. On March 9, 2021, Plaintiff filed a document with certified mail receipts addressed to Sabrina Nickel, dated January 22, 2021 and January 29, 2021, and an undated receipt addressed to Matthew J. Atlas. (Doc. 13.) In Defendant's Motion to Dismiss filed on March 13, 2021, Defendant argues that these attempts do not amount to effective service of process. (Mot. Dismiss at 2.)

On March 11, 2021, Defendant had yet to respond, and the Court directed Plaintiff to apply for entry of default or file a status report within seven days of the date of its Order. (Doc. 14.) On March 22, 2021, Plaintiff filed a Motion for Default Final Judgment. (Doc. 18, Mot. Default.) On March 25, 2021, Defendant filed a Response in Opposition to Plaintiff's Motion for Default Final Judgment, asserting that Plaintiff did not comply with the Court's Order instructing Plaintiff to apply for entry of default. (Mot. Default Resp. at 1.)

The Court now resolves both Plaintiff's Motion to Dismiss and Defendant's Motion for Default Judgment.

## II. LEGAL STANDARD

When service of process is challenged, the plaintiff must show that "the court's personal jurisdiction is properly exercised." *Grand Canyon Resort Corp. v. Drive-Yourself Tours, Inc.*, No. CV-05-03469-PHX-SMM, 2006 WL 1722314, at *2 (D. Ariz. June 22,

2006). As the Supreme Court has reasoned, "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant," and "in the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). *Pro se* litigants are subject to the same rules of procedure as all other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).

Rule 4(c) outlines the steps for service of process. First, the Rule mandates that a summons be served with a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Second, the Rule establishes that service must be accomplished by an adult who is not a party to the case. Fed. R. Civ. P. 4(c)(2).

Under Federal Rule of Civil Procedure 4(h)(1)(B), process can be served on an out-of-state corporation through delivery of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h) mandates personal service on someone at the corporation; service by mail to a general corporate address is not sufficient. *See Jones v. Bank of America NA*, No. CV-17-08231-PCT-SMB, 2018 WL 6831961 (D. Ariz. Dec. 28, 2018) (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)).

A plaintiff also may serve an out of-state corporation in the manner prescribed for serving individuals, which allows service by following the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1). Arizona Rule of Civil Procedure 4.1(i) outlines the steps through which service on a corporation based outside the state may be accomplished:

> If a domestic or foreign corporation, partnership, or other unincorporated association has the legal capacity to be sued and has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute

> and the statute so requires—by also mailing a copy of each to the defendant.

A plaintiff's *pro se* status does not excuse him from compliance with Federal Rule of Civil Procedure Rule 4. *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

## III.    ANALYSIS

### A.    Defendant's Motion to Dismiss or Quash Insufficient Service of Process

Defendant argues that Plaintiff's service of process fails because certified mail is not an acceptable form of service, nor did Plaintiff mail the summons and complaint to a person authorized to accept service on behalf of Defendant. (Mot. Dismiss at 4.) The Court agrees.

Because Defendant Saks Fifth Avenue, LLC is a corporation located within the United States, Plaintiff was required to serve Defendant pursuant to Federal Rule of Civil Procedure 4(h) or 4(e), as described above. Here, Plaintiff has attempted to serve Defendant by mailing a copy of the summons and complaint to Sabrina Nickel, General Manager of Defendant's Phoenix store, and Matthew J. Atlas, whose title is not specified. (Doc. 13.) Plaintiff has not provided any documentation supporting that either Ms. Nickel or Mr. Atlas are agents authorized by appointment or by law to receive service on behalf of Defendant. Accordingly, Defendant has established insufficient process under Rule 4, and Plaintiff has failed to demonstrate the validity of his service of process.

The Ninth Circuit has established that district courts have discretion to choose between dismissal and quashing service of process. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Where effective service can be made without causing unfair prejudice to the defendant, courts in this Circuit have reasoned that quashing service is the appropriate course. *See Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at *3 (W.D. Wash. Apr. 17, 2015).

Defendant acknowledges that allowing Plaintiff to quash service of process is within the Court's discretion, but it advocates dismissing the present action because the time for Plaintiff to properly execute service has expired and there is no good cause for Plaintiff's

delay in properly effecting service. (Mot. Dismiss at 4.) However, even absent good cause, the Court has broad discretion to extend the time for service. *Efaw v. Williams*, 473 F.3d 1038, 1040-41 (9th Cir. 2007). In determining whether to exercise this discretion, the Court is directed to consider factors such as the length of the delay in proper service, the statute of limitations, prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Id.*

Plaintiff attempted service within the Court's prescribed timeline, although his service was insufficient. Defendant is on notice of the lawsuit as it filed the instant Motion. This Court will exercise its broad discretion to extend the time for Plaintiff to properly serve Defendant.

### B.     Plaintiff's Motion for Default Judgment

Defendant has not been properly served, so Defendant cannot be in default. The Court will strike Plaintiff's Motion for Default Judgment.[1]

**IT IS ORDERED** granting the portion of Defendant's Motion to Dismiss (Doc. 15) seeking to Quash Insufficient Service of Process. The Court otherwise denies the motion.

**IT IS FURTHER ORDERED** that Plaintiff must file proof of service of the summons and complaint or waiver of service with the Clerk of Court no later than **December 3, 2021**.

**IT IS FURTHER ORDERED** striking Plaintiff's Motion for Default Judgment (Doc. 18) from the record.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this matter if Plaintiff fails to file proof that Defendant has been properly served by **December 3, 2021**.

Dated this 3rd day of November, 2021.

Honorable John J. Tuchi
United States District Judge

---

[1] In its order, the Court directed Plaintiff to apply for entry of default, not default judgment. (Doc. 14.) An application for entry of default must precede default judgment. Fed. R. Civ. P. 55(a), (b).