Brian R. Booker  (SBN: 015637)
Mary M. Curtin  (SBN: 031973)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone:  (602) 794-2471
Facsimile:   (602) 265-4716
bbooker@grsm.com
mcurtin@grsm.com

*Attorneys for Defendant Saks Fifth Avenue, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Gray<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>Saks Fifth Avenue, LLC<br><br>　　　　　　Defendant. | **CASE NO.  20-CV-01987-PHX-JJT**<br><br>**MOTION TO DISMISS** |

Defendant Saks Fifth Avenue, LLC ("Saks") moves for an order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). As to each of his six causes of action, Plaintiff fails to allege facts sufficient to state a cognizable claim against Saks. Because these deficiencies are not curable by any permissible amendment, the Complaint must be dismissed in its entirety.

## I.    RELEVANT FACTS

Plaintiff contends that he was racially profiled by a Saks Fifth Avenue sales associate and security guard while he accompanied a friend who was shopping in the Saks Fifth Avenue Phoenix location on July 11, 2020. [Doc. 9, ¶ 7-8]. Plaintiff, who identifies as African-American, browsed the men's department while his friend shopped in the fragrance department.  [*Id.*] Plaintiff does not allege that he was shopping or intended to make a purchase from Saks that day.

While on his way to reunite with his friend, Plaintiff claims, two Saks employees "glared" at him and a security guard followed Plaintiff, at the direction of another sales associate who Plaintiff perceived to be white. [Doc. 9, ¶ 9]. Plaintiff states that, upon realizing he was being followed and believing that he was being racially profiled, Plaintiff "started to feel extreme anxiety and became in immediate fear for his life." [*Id*.]

Plaintiff claims that security falsely accused Plaintiff of assaulting a Saks employee and asked Plaintiff to leave the store. [Doc. 9, ¶ 10-11]. When Plaintiff told security that they had the wrong person, security still insisted that he vacate the store, again causing Plaintiff to fear for his life. [*Id*. at ¶¶ 13-14]. According to Plaintiff, the Saks sales associate "gave no reasonable basis or explanation for the intrusion" which Plaintiff believes was caused solely by Saks employees' perception of his race. [*Id*. at ¶¶16, 18]. Finally, Plaintiff alleges that his treatment was the result of discriminatory policies and procedures, which resulted in discrimination against and harassment of him and unnamed others of African-American descent. [*Id*. at ¶ 21].

## II. LEGAL ANALYSIS

While documents filed by a pro se litigant are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting I*vey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982)). Because Plaintiff's civil rights complaint lacks many essential elements of his claims, it must be dismissed.

### A. Civil Rights Claims

#### 1. 42 U.S.C. 2000A (First and Fourth Causes of Action)

##### a. Lack of Subject Matter Jurisdiction

Title II prohibits discrimination in places of public accommodation on the basis of "race, color, religion, or national origin." 42 U.S.C. § 2000a. It contains a notice provision

1  providing that a plaintiff shall not bring a civil action "before the expiration of thirty days
2  after written notice of such alleged act or practice has been given to the appropriate State
3  or local authority," if such state has a law "prohibiting such act or practice and establishing
4  or authorizing a State or local authority to grant or seek relief from such practice." 42
5  U.S.C. § 2000a-3(c). Accordingly, if the relevant state has an agency with the authority
6  to hear complaints of discrimination prohibited by Title II, then notification to that agency
7  is a "prerequisite for federal jurisdiction." *See May v. California Hotel & Casino, Inc.*,
8  No. 2:13-CV-00066-GMN, 2014 WL 1494231, at *3 (D. Nev. Apr. 14, 2014).

9      Here, the alleged violation occurred in Arizona. The Arizona Civil Rights Act
10 prohibits the denial of the "advantages, facilities or privileges" of a place of public
11 accommodation "because of race, color, religion, sex, national origin or ancestry." A.R.S.
12 § 41-1442. *See also Dawson v. Superior Court In & For Maricopa Cty.*, 163 Ariz. 223,
13 224-25 (App. 1990) ("In enacting the Civil Rights Act, the Arizona Legislature intended
14 to accomplish the same objectives on the state level as those on the federal level.")
15 (citation omitted). The Arizona Civil Rights Division (ACRD), a division of the Arizona
16 Attorney General's Office, is the designated agency to review such complaints and to
17 enforce the Arizona Civil Rights Act. *See* A.R.S. § 41-1401. An individual may bring a
18 civil action under the Arizona Civil Rights Act "only after the [ACRD] has had an
19 opportunity to investigate charges and, if it chooses, to instigate formal or informal
20 processes to address them." *Miles v. Vasquez*, No. CV-07-1398-PHX-FJM, 2007 WL
21 3307020, at *2 (D. Ariz. Nov. 6, 2007).

22     Accordingly, Plaintiff was required to notify the ACRD of the alleged violation at
23 issue. Because the Complaint does not indicate that he did so, Plaintiff has not complied
24 with Title II's notice requirement, and this claim must be dismissed for lack of subject
25 matter jurisdiction.

26                 b.  <u>Failure to State a Claim</u>

27     Even if this Court were to determine that it has subject matter jurisdiction over the
28 Title II claims, Plaintiff's First and Fourth causes of action also fail to state a claim for

relief.

42 U.S.C. § 2000A prohibits discrimination by places of "public accommodation." To state a *prima facie* case, a Title II plaintiff must demonstrate that: (1) he is a member of a protected class, (2) he attempted to contract for services and afford himself of the full benefits and enjoyment of a public accommodation, (3) he was denied the full benefits or enjoyment of a public accommodation, and (4) that such services were available to similarly situated persons outside his protected class who received full benefits or were treated better. Crumb v. Orthopedic Surgery Med. Grp., No. 07-CV-6114-GHK-PLAx, 2010 WL 11509292, at *3 (C.D. Cal. Aug. 18, 2010), aff'd, 479 F. App'x 767 (9th Cir. 2012) (citations omitted).

Retail stores are not places of public accommodation within the meaning of § 2000A. Courts have consistently declined to expand the definition of "public accommodation" to include facilities not specifically listed. *See, e.g., Ford v. Surprise Family Urgent Care Ctr., LLC*, No. CV 10-1920-PHX-SRB, 2011 WL 13137866, at *2 (D. Ariz. Sept. 6, 2011) ("Despite the seemingly broad language 'affect[ing] interstate commerce,' courts have interpreted the definition of places of public accommodation relatively narrowly, generally adhering to the three categories outlined in the statute: lodgings, restaurants, and entertainment facilities."); *Touma v. Gen. Counsel of Regents*, No. SACV 17-1132-VBF(KS), 2017 WL 10541005, at *12 n.5 (C.D. Cal. Dec. 13, 2017) ("[C]ourts have interpreted the definition of places of public accommodation narrowly, generally adhering to the three categories outlined in the statute—lodgings, restaurants, and entertainment facilities[.]").

Plaintiff's Complaint specifically alleges that Saks is a "retailer" and that he was in the store to accompany a shopper. [Doc. 9, ¶¶ 8, 10, 29]. As a retailer, Saks is not a place of public accommodation subject to 42 U.S.C. § 2000A. Plaintiff's First and Fourth Causes of Action must therefore be dismissed.

### 2. 42 U.S.C. 1981 (Third Cause of Action).

To state a claim under § 1981, a plaintiff must (1) identify a contractual relationship

under which her rights have been impaired and (2) "plausibly allege that the defendant impaired that relationship on account of intentional discrimination." *Astre v. McQuaid,* 804 F. App'x 665, 666 (9th Cir. 2020) (*citing Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) and *Gen. Bldg. Contractors Ass'n, Inc. v. Pa.*, 458 U.S. 375, 391 (1982)). In the retail context, other circuits have found that discriminatory surveillance alone is insufficient to establish racial discrimination. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 471 (8th Cir. 2009); *Garrett v. Tandy Corp.*, 295 F.3d 94, 100-01 (1st Cir. 2002) ("in order to satisfy the foundational pleading requirements for a suit under section 1981, a retail customer must allege that he was actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus"); *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1108 (10th Cir. 2001) (discriminatory surveillance is not alone actionable under section 1981).

Plaintiff's Third Cause of Action fails because he specifically alleges that he did not intend to shop or purchase anything. Rather, Plaintiff claims that his purpose in Saks that day was to accompany a friend who was shopping. [Doc. 9, ¶ 7-8]. As such, Plaintiff cannot establish that he was "actually denied the ability either to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship." *See Garrett,* 295 F.3d at 100-01. Without this essential element, Plaintiff cannot prove his § 1981 claim and his Third Cause of Action must be dismissed.

### B. Tort Claims

#### 1. Negligence (Second Cause of Action)

Whether a duty of care exists is a threshold issue in any negligence case: absent a duty, a claim for negligence cannot be maintained. *Gipson v. Kasey*, 214 Ariz. 141, 143 (2007). Generally, the issue of duty is decided by the court as a matter of law. *Beach v. City of Phoenix*, 136 Ariz. 601, 604 (1983).

Though difficult to discern, Plaintiff appears to be alleging negligence per se, the statutory basis of which is Title II. Specifically, Plaintiff alleges that Saks owed him a

duty of reasonable care by virtue of its status as a place of public accommodation. However, for the reasons set forth above, the allegations of Plaintiff's complaint make clear that Saks is a retail store, and therefore not a place of public accommodation. Because Plaintiff fails to allege any facts to show that Saks owed him a duty "to use reasonable care in consummation of a contract," Plaintiff's Second Cause of Action fails to state a claim.

### 2. Intentional Infliction of Emotional Distress (Fifth Cause of Action)

Plaintiff's Fifth Cause of Action is similarly opaque, but appears to strive at a claim for intentional infliction of emotional distress. A plaintiff alleging intentional infliction of emotional distress must show the defendant caused severe emotional distress by committing extreme and outrageous conduct with the intent to cause emotional distress or with reckless disregard of the near-certainty that such distress would result. *Watkins v. Arpaio*, 239 Ariz. 168, 170-71, ¶ 8, 367 P.3d 72, 74-75 (App. 2016). The conduct must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554, 905 P.2d 559, 563 (App. 1995) (quoting *Cluff v. Farmers Ins. Exchange*, 10 Ariz. App. 560, 562, 460 P.2d 666, 668 (1969)). It is the Court's role to "determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief." *Mintz*, 183 Ariz. at 554, 905 P.2d at 563 (citation omitted). This is a "high standard." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1059 (9th Cir. 2007); *Watts v. Golden Age Nursing Home*, 619 P.2d 1032, 1035 (Ariz. 1980) ("[T]he conduct necessary to sustain an intentional infliction claim falls at the very extreme edge of the spectrum of possible conduct.").

The conduct attributed to Saks employees in the Complaint falls well short of "extreme." Plaintiff does not allege that any Saks employee used profanity, raised their voice, threatened Plaintiff, or made physical contact with him. Though Plaintiffs claims to have been in fear for his life, the Complaint alleges only that Saks employees "glared"

at him, monitored his movements, confused him with another shopper who had allegedly assaulted a Saks associate, and asked him to leave the store. Certainly, these acts do not meet the "high standard" required to support a claim for intentional infliction of emotional distress.  Plaintiff's Fifth Cause of Action must be dismissed.

### 3. Loss of Consortium (Sixth Cause of Action)

Loss of consortium is a derivative tort claim which belongs to specific categories of relatives of the primary tort victim. *See Villareal v. Arizona Dep't of Transp.*, 160 Ariz. 474, 477, 774 P.2d 213, 216 (1989). The primary tort victim has no separate claim for his own loss of consortium with others. Plaintiff's sixth and final cause of action therefore fails to state a claim.

## III. CONCLUSION

Plaintiff has already filed at least one amended complaint.[1] No further leave to amend is warranted when the facts as Plaintiff has plead them show he is not entitled to relief on any of the legal theories he pursues. For this reason, Defendants request that the Court enter its order dismissing Plaintiff's complaint in its entirety and with prejudice.

RESPECTFULLY SUBMITTED this 22nd day of December 2021.

GORDON REES SCULLY
MANSUKHANI, LLP

By:  */s/ Mary M. Curtin*
Brian R. Booker
Mary M. Curtin
*Attorneys for Defendant Saks Fifth Avenue, LLC*

---

[1] Doc. 7 and Doc. 9 appear to be slightly different versions of an amended complaint. Doc. 9 is the version that was served on Saks on December 2, 2021.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the all of the registered CM/ECF registrants on this matter. A copy was also served via First Class Mail to:

Manuel Gray
3419 N. 28th Street
Phoenix, AZ 85016
480-495-1446
*Plaintiff Pro Se*


*/s/ Diane Archie*